FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 FEB 15 PM 3:15

CLERK'S DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JACOB MURRAY,

            Plaintiff,

v.                              Case No. 3:12-cv-140-J-20TEM

STEPHAINE DAVIS,
et al.,

            Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a letter (Complaint) (Doc. #1) to the Clerk of the Court on January 30, 2012, pursuant to 42 U.S.C. § 1983, in the United States District Court for the Northern District of Florida. Additionally, Murray filed another letter (Memorandum) (Doc. #3) on January 31, 2012, entitled "Reporting a Crime." The case was transferred to this Court on February 1, 2012.

In the Complaint, Murray names the following individuals, as the Defendants, in this action: Nurse Stephaine Davis and Dr. T. Green. Murray asserts that the Defendants are refusing to give him all his medication and instead have given him other medication that has made him "real sick." Complaint at 1. As relief for the alleged denial of proper medical care, Murray states that he wants to file criminal charges against them. Id. Additionally, in his

Memorandum, Murray complains about his conditions of confinement at Suwannee Correctional Institution, which includes alleged criminal activity unrelated to the allegations concerning Defendants Davis and Green. See Memorandum at 1-2.

To the extent that Plaintiff is requesting that this Court criminally charge the Defendants and other prison officials for subjecting him to cruel and unusual punishment, this Court has no authority to file criminal charges or to direct that charges be filed against the officers. The proper avenue to seek such relief is for Plaintiff to contact the State Attorney's Office, Third Judicial Circuit, in and for Suwannee County, Florida, if appropriate. Additionally, to the extent that Plaintiff requests that this Court reprimand these officers and medical personnel, this Court does not have the authority to reprimand the Department's officers and/or medical personnel. Plaintiff may seek that relief by requesting an investigation of the alleged cruel and unusual punishment by initiating a grievance pursuant to the Department's administrative grievance procedures.

This case will be dismissed without prejudice to Plaintiff's right to pursue those other avenues at the state agency level if he elects to do so and then refile in this Court. At any time, Plaintiff may initiate a new civil rights action in this Court by filing a civil rights complaint on the enclosed civil rights complaint form. The Clerk of the Court will be directed to send

the proper forms to Plaintiff for his use in initiating a civil rights action, if he elects to do so.

Accordingly, it is now

**ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice to Plaintiff's right to refile his claims.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. The Clerk of the Court shall send Plaintiff a civil rights complaint form and an Affidavit of Indigency form. If Plaintiff elects to refile his claims,[1] he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of February, 2012.

UNITED STATES DISTRICT JUDGE

sc 2/9
c:
Jacob Murray

---

[1] Plaintiff must set forth only related claims in one civil rights complaint. If there are unrelated claims, he should file a separate civil rights complaint form for each unrelated claim.